## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **James A. Payne**, | Bankruptcy No. 10-26936 |
| Debtor. | Honorable Eugene R. Wedoff |

## NOTICE OF FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD., COUNSEL TO THE TRUSTEE

**Please take notice** that on May 6, 2013, The Law Office of William J. Factor, Ltd., (the "*Applicant*") filed its *First and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd., Counsel to the Trustee* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, the Applicant seeks final compensation in the amount of $27,500.00 and reimbursement of expenses in the amount of $735.04.

**Please take further notice** that a hearing to consider the Application will be held before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 744 of the Everett McKinley Dirksen Federal Building at 219 South Dearborn Street, Chicago, Illinois, on **May 28, 2013, at 9:30 A.M.**, or as soon thereafter as counsel may be heard.

Dated: May 6, 2013

**THE LAW OFFICE OF**
**WILLIAM J. FACTOR, LTD.**

By: /s/ Jeffrey K. Paulsen

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
**THE LAW OFFICE OF**
**WILLIAM J. FACTOR, LTD.**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248

Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
           jpaulsen@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen, an attorney, hereby certify that on May 6, 2013, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice* and the accompanying *First and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd., Counsel to the Trustee* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List and by U.S. mail on all other persons identified on the appended Service List.

/s/ Jeffrey K. Paulsen

# SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| Michael T. Benz | benz@chapman.com, eickmann@chapman.com |
| William J. Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com, nb@wfactorlaw.com |
| Gabrielle Hirz | gabrielle.g.hirz@usdoj.gov, northern.taxcivil@usdoj.gov |
| Gregory J. Jordan | gjordan@jka-law.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| David P. Leibowitz | dleibowitz@lakelaw.com, il64@ecfcbis.com, ECF@lakelaw.com, dl@trustesolutions.com, dl@trustesolutions.net |
| David G. Lubben | michaeldpcr@yahoo.com |
| Jeffrey M. Monberg | jmonberg@kdlegal.com |
| C. Daniel Motsinger | cmotsinger@kdlegal.com, crbpgpleadings@kdlegal.com, rhobdy@kdlegal.com |
| Lester A. Ottenheimer, III | lottenheimer@otrlaw.com, nfishkin@otrlaw.com |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, nb@wfactorlaw.com, jpaulsenwfactorlawecf@gmail.com |

**Debtors**
(Service via U.S. mail)

James A. Payne
Donna M. Payne
190 Selwyn Lane
Buffalo Grove, IL 60089-4333

**Other Interested Parties**
(Service via U.S. mail)

Chase Auto Finance
201 N. Central Ave.
AZ1-1191 11th Floor
Pheonix, AZ 85004

American Express
PO Box 001
Los Angeles, CA 90096-8000

American Express
c/o Becket & Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Bank of America
PO Box 15026
Wilmington, DE 19850-5026

Bank of America
PO Box 15710
Wilmington, DE 19850-5026

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
by American Infosource LP as Agent
PO Box 248839
Oklahoma City, OK 73124-8839

Cenlar
PO Box 211091
Eagan, MN 55121-2491

Chase
PO Box 15153
Wilmington, DE 19886-5153

Chase
PO Box 15298
Wilmington, DE 19886-5298

Chase Automotive
PO Box 901076
Fort Worth, TX 76101-2076

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Citibank
PO Box 688923
Des Moines, IA 50368-8923

FIA Card Services, NA
by American InfoSourceLP as its
agent
PO Box 248809
Oklahoma City, OK 73124-8809

GE Capital
125 E. John Carpenter Freeway,
#1000
Irving, TX 75062-2204

Small Business Administration
c/o Joel Nathan, Asst. U.S. Attorney
219 S. Dearborn, 5th Floor
Chicago, IL 60604-2029

Textron Financial Corporation
11575 Great Oaks Way, Suite 210
Alpharetta, GA 30022-2426

Western Finance & Lease, Inc.
c/o Vogel Law Firm
218 NP Avenue, PO Box 1389
Fargo, ND 58107-1389

C. Daniel Montsinger
Jeffrey M. Monberg
Laura Tepich
30 N. LaSalle, Suite 2800
Chicago, IL 60602

Western Finance & Lease, Inc.
Attn. Robin Steffan
PO Box 640
Devils Lake, ND 58301-0640

Philip V. Martino
Sara Baker
Quarles & Brady
300 N. LaSalle, Suite 4000
Chicago, IL 60654

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **James A. Payne**, | Bankruptcy No. 10-26936 |
| Debtor. | Honorable Eugene R. Wedoff |

### FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD., COUNSEL TO THE TRUSTEE

1.　The Law Office of William J. Factor, Ltd., (the "*Applicant*"), counsel to David P. Leibowitz, not individually but in his capacity as the trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of James A. Payne (the "*Debtor*"), submits its First and Final Application for Compensation and Reimbursement of Expenses (the "*Application*") for legal services performed and expenses incurred in connection with its investigation and recovery of Estate assets.

### JURISDICTION

2.　This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3.　Venue of the above-captioned case and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.　This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

## BACKGROUND

5.      James A. Payne and Donna M. Payne (collectively, the "**Debtors**") are individuals residing in Buffalo Grove, Illinois. James and Donna are married to each other.

6.      Eric and Leah Payne are individuals residing in Carmel, Indiana. Eric is the son of James and Donna, and Leah is Eric's wife.

7.      On June 15, 2010, James filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "**Bankruptcy Code**"). That case is pending before this Court as case number 10-B-26936. The Trustee is the chapter 7 trustee for the bankruptcy estate in James's case ("**James's Estate**").

8.      On January 20, 2012, Donna filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. That case is pending before this Court as case number 12-B-01974. Philip V. Martino is the chapter 7 trustee for the bankruptcy estate in Donna's case ("**Donna's Estate**" and, collectively with James's Estate, the "**Estates**").

9.      On May 15, 2012, the Court entered an Order (ECF No. 48) approving the Trustee's retention of the Applicant as his counsel to investigate and collect estate assets for James's Estate. Pursuant to the Order, the Applicant is entitled to a 40% contingent fee on any recoveries obtained and to reimbursement of expenses.

10.     The Applicant prosecuted two adversary proceedings on behalf of the Trustee (and jointly with Martino): one to recover a transfer Donna made to Eric and Leah (the "**Insider Case**") and the other to avoid the Debtors' waiver of their net-operating-loss carryback (the "**Tax Case**").

11.     On February 26, 2013, this Court approved a settlement resolving both the Insider Case and the Tax Case. This resulted in a total recovery for

the Estates of $137,500. Pursuant to the terms of a previously approved
agreement between the Trustee and Martino, $68,750 of that total recovery
belongs to and was paid to James's Estate (the "***Recovery***"), and $68,750
belongs to and was paid to Donna's Estate.

## RELIEF REQUESTED AND BASIS THEREFOR

12. By this Application, the Applicant seeks entry of an order,
substantially in the form submitted herewith, allowing on a final basis fees in
the amount of $27,500 (40% of the Recovery) and reimbursement of expenses
in the amount of $735.04 in connection with the investigation and recovery of
Estate assets, and authorizing the Trustee to pay such amounts to the
Applicant.

### I. The Applicant's contingent fees are reasonable and should be allowed.

13. After notice and hearing, a bankruptcy court may award a
professional person "reasonable compensation for actual, necessary services
rendered by the … professional person …." 11 U.S.C. § 330(a)(1)(A).

14. A trustee, "with the court's approval, may employ or authorize the
employment of a professional person under section 327 … on any reasonable
terms and conditions of employment, including … on a contingent fee basis."
11 U.S.C. § 328(a).

15. When a contingent fee agreement is pre-approved by the Court,
that agreement cannot be changed later unless the terms and conditions of
the agreement were "improvident in light of developments not capable of
being anticipated at the time of the fixing of such terms and conditions." *Id.*;
*Paloian v. Grupo Serla S.A. de C.V. (In re GGSI Liquidation, Inc.)*, 355 B.R.
691, 704 (Bankr. N.D. Ill. 2006).

16.   This standard is a demanding one. "The requirement of 'improvidence in light of developments not capable of being anticipated at the time' makes it difficult, as a practical matter, for a court to vary the compensation even when it thinks that it was improvident at the outset." *In re Yablon*, 136 B.R. 88, 92 (Bankr. S.D.N.Y. 1992) (*quoting In re C&P Auto Transp., Inc.*, 94 B.R. 682, 686 n.5 (Bankr. E.D. Cal. 1988)); *see also In re Barron*, 325 F.3d 690, 693 (5th Cir. 2003) (not enough that the developments that made the arrangement improvident were merely unforeseen; they had to have been incapable of being anticipated); *F.V. Steel & Wire Co. v. Houlihan Lokey Howard & Zukin Capital, L.P.*, 350 B.R. 835, 841 (E.D. Wis. 2006).

17.   In connection with the Insider Case and the Tax Case, the Applicant, among other things, investigated potential claims, prepared complaints and amended complaints, conducted discovery, prepared for trial, and negotiated settlements.

18.   This Court previously approved the Applicant's contingent fee arrangement, and no unanticipated events have occurred that might cast doubt upon the providence of that arrangement. Accordingly, this Court should approve and award the Applicant's contingent fees as reasonable fees for professional services performed.

## II.  The Applicant's expenses should be allowed because they were required to accomplish the proper representation of the Trustee.

19.   A bankruptcy court may also award a professional person "reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(B).

20.   "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros.*, 191 B.R.738, 749 (Bankr. N.D. Ill. 1996).

—4—

21. The expenses incurred in this case were actual and necessary in that they were required to investigate the Estate's claims, to prosecute the Insider Case and the Tax Case, and to obtain the Recovery. The expenses are:

| Expense | Amount |
|---|---|
| Transcript for James Payne deposition | $140.00 |
| Court reporter fee for Donna Payne deposition | $400.00 |
| Transcript for Donna Payne deposition | $182.50 |
| Postage for settlement motion | $12.54 |
| **Total:** | **$735.04** |

## NOTICE

22. The Applicant has provided twenty-one days' notice of this motion to: (i) the Office of the United States Trustee; (ii) the Debtors; (iii) the Debtors' counsel; (iv) the Debtors' creditors; (v) the United States; (vi) counsel for Eric and Leah; and (vii) any person that has requested notice in this case or that receives notices through the ECF System with respect to this case.

## NO PRIOR REQUEST

23. No prior request for the relief requested by this Application has been made to this Court or any other court.

**WHEREFORE**, the Applicant respectfully requests that the Court enter an order allowing and awarding the Applicant fees in the amount of $27,500 and reimbursement of expenses in the amount of $735.04 (the "***Allowed Fees and Expenses***"), authorizing the Trustee to pay the Applicant the Allowed Fees and Expenses, and granting such other relief as this Court may deem appropriate.

Dated: May 6, 2013

**THE LAW OFFICE OF
WILLIAM J. FACTOR, LTD.**

By: /s/ Jeffrey K. Paulsen

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
**THE LAW OFFICE OF
WILLIAM J. FACTOR, LTD.**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
        jpaulsen@wfactorlaw.com